RECEIVED
OCT 27 2016
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
_____ DIVISION

FILED
OCT 27 2016
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

SURAN WIJE, PRO SE
(Name of plaintiff or plaintiffs)

v.

DAVID A. BURNS,

UNIVERSITY OF TEXAS (UT)

AT AUSTIN, JANE DOE, AND
(Name of defendant or defendants) JOHN DOE

Civil Action Number: A16CV1179 SS
(Case Number to be supplied by the Intake Clerk)

## COMPLAINT

1. This action is brought by SURAN WIJE, Plaintiff, pursuant to the following selected jurisdiction:

**(Please select the applicable jurisdiction)**

[X]  Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.)  Employment Discrimination on the basis of race, color, sex (gender, pregnancy and sexual harassment), religion or national origin.

[ ]  The Age Discrimination in Employment Act (29 USC §§ 621 et seq.) (**ADEA**).

[ ]  The Americans With Disabilities Act (42 USC §§ 12102 et seq.) (**ADA**).

[ ]  The Equal Pay Act (29 USC § 206(d)) (**EPA**).

[ ]  The Rehabilitation Act of 1973 (29 USC §791 et seq.) (Applicable to federal employees only).

2. Defendant DAVID BURNS & UT (Defendant's name) lives at, or its business is located at FLAWN ACADEMIC CENTER (street address), STE 438 (G4800) P.O. BOX R  AUSTIN (city), TX (state), 78713 (zip).

3a. Plaintiff sought employment / MCCOMBS BUSINESS SCHOOL from the defendant or was employed by the defendant at 1 UNIVERSITY STATION B6000 (street address), _____ AUSTIN (city), TX (state), 78712 (zip).

3b. At all relevant times of claim of discrimination, Defendant employed 1,500 – 10,000 (#) employees.  If defendant is a union, at all relevant times of claim of discrimination, Defendant had ____ (#) members.

4. Defendant discriminated against plaintiff in the manner indicated in paragraph 8 of this complaint on or about __11__ (month) __18__ (day) __2005__ (year). If incidents of discrimination occurred more than one day, please indicate the beginning and ending dates of such acts: __AGAIN AND ONGOING__ __DISCOVERED NEAR THE END OF MARCH 2016__ _____.

5. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission (E.E.O.C.) charging defendant with the acts of discrimination indicated in paragraph 7 of this complaint on or about __5__ (month) __16__ (day) __2016__ (year). (Not applicable to federal civil service employees).

6a. The E.E.O.C. issued a **Notice of Right to Sue** which was received by plaintiff on __8__ (month) __2__ (day) __2016__ (year). (Not applicable to ADEA and EPA claims or federal civil service employees).

**VERY IMPORTANT NOTE:** PLEASE ATTACH A COPY OF YOUR NOTICE OF RIGHT TO SUE AND THE ENVELOPE IN WHICH IT WAS RECEIVED TO THIS COMPLAINT.

6b. Please indicate below if the E.E.O.C issued a **Determination** in your case:

[X] Yes ?
[ ] No

**VERY IMPORTANT NOTE:** IF YOU CHECKED "YES", PLEASE ATTACH A COPY OF THE E.E.O.C.'S DETERMINATION TO THIS COMPLAINT

7. Because of plaintiff's:

(Please select the applicable allegation(s))

[X] Race (If applicable, state race) _____

[X] Color (If applicable, state color) _____

[ ] Sex (gender, pregnancy or sexual harassment) (If applicable, state sex and claim) _____

[ ] Religion (If applicable, state religion) _____

[X] National Origin (If applicable, state national origin) _____

[ ] Age (If applicable, state date of birth) _____

[ ] Disability (If applicable, state disability) _____

[X] Prior complaint of discrimination or opposition to acts of discrimination. (Retaliation) (If applicable, explain events of retaliation) _____.

The defendant: **(please select all that apply)**

[X] failed to RE-employ plaintiff.

[X] terminated plaintiff's employment.

[ ] failed to promote plaintiff.

[X] harassed plaintiff.

[ ] other (specify) _____.

8a. State **specifically** the circumstances under which defendant, its agent, or employees discriminated against plaintiff **PERSONALLY**:

**VERY IMPORTANT NOTE:** INCLUDE SPECIFIC DATES, SPECIFIC EVENTS, AND ANY SPECIFIC COMMENTS MADE BY DEFENDANT PERTAINING TO THE DISCRIMINATION CLAIM ALLEGED ABOVE.

PLEASE SEE SVJ1.COM/EEOC.HTM

8b. List any **witnesses** who would testify for plaintiff to support plaintiff's allegations and the substance of their testimony:

PLEASE SEE SVJ1.COM/EEOC.HTM

8c. List any **documentation** that would support plaintiff's allegations and explain what the documents will prove:

PLEASE SEE SVJ1.COM/EEOC.HTM

9. The above acts or omissions set forth in paragraphs 7 and 8 are:

    [X] still being committed by defendant.
    [ ] no longer being committed by defendant.

10. Plaintiff should attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission. This charge is submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

[ ] Defendant be directed to employ plaintiff.

[X] Defendant be directed to re-employ plaintiff.

[ ] Defendant be directed to promote plaintiff.

[X] Defendant be directed to  1) LOST WAGES, BENEFITS, AND INTEREST  2) ONE LAW COURSE PER SEMESTER

_____, and that the Court grant such other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

10-26-2016
Date

*Susan Wije*
Signature of Plaintiff

1744 BOSS RANGE RD
Address of Plaintiff

JUSTIN,    TX        76247
City              State         Zip Code

512-577-9453
Telephone Number(s)

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

_____ DIVISION


Suran Wije, Pro Se
_____
          Plaintiff, Pro Se

v.                                                      CASE NUMBER: _____


David A. Burns, The University of Texas at Austin (UT),
Jane Doe, and John Doe
_____
                                                Defendants


## COMPLAINT

*For convenience, an identical online version with clickable links is safely accessible at* Svj1.com/UT


### 1. NAME AND ADDRESS

| Suran Wije, <u>Plaintiff</u> Pro Se | David A. Burns, <u>Defendant</u>, in personal and professional capacity | University of Texas at Austin (UT), <u>Defendant</u>; Office of Legal Affairs |
| --- | --- | --- |
| 1744 Boss Range Road | University of Texas at Austin (UT) | Flawn Academic Center, Suite 438 |
| Justin, TX 76247 | Red McCombs School of Business | (G4800) P.O. Box R |
| | 1 University Station B6000 | Austin, TX 78713 |
| | Austin, TX 78712 | Phone: 512-471-1241 |
| | Jane Doe, <u>Defendant</u> | John Doe, <u>Defendant</u> |

### 2. JURISDICTION

     Despite 87 days of searching for legal assistance, Plaintiff pro se, Suran Wije—a South Asian male of color and a naturalized U.S. citizen—has been unsuccessful in securing an employment law civil rights attorney. First, upon Plaintiff's recent discovery of a hidden breach of the legal duty owed by Defendant to Plaintiff, an Equal Employment Opportunity Commission (EEOC.gov) complaint was filed for the second time. Despite a prior complaint

with the same employer, EEOC.gov was again unable to help—even with this newly discovered "de facto blacklisting" retaliation (Exhibit Sec1981a: Notice of Right to Sue with Envelope). Next, Plaintiff utilized MyTela.org and approached about 30 employment lawyers in the major metropolitan markets of Dallas/Fort Worth, Houston, and Austin; however, they all had full caseloads or desired a five-figure retainer. Finally, Plaintiff approached Legal Aid of Northwest Texas (Internet.Lanwt.org) and Texas RioGrande Legal Aid (TRLA.org) but have not heard back from either of them, yet.

Plaintiff believes that his claims against Defendants raise constitutional and federal questions; moreover, any alleged wrongful acts occurred at public institutions, financed by taxpayers' federal dollars—in particular, debt-peonaged American families' and students' federal financial aid loans! Therefore, the Western United States District Court has jurisdiction for Plaintiff's causes of action as follows: (1) Title VII, (2) Title VI, (3) *Section 1981*, (4) Section 1983, (5) violation of the Fifth Amendment's due process clause, (6) violation of the Fourteenth Amendment's equal protection clause as well as (7) breach of contract, (8) negligence, (9) defamation of character, (10) the hidden and unfair labor practices of a de facto lifetime blacklisting, (11) fraud, (12) violation of State anti-discrimination laws, (13) retaliation, (14) negligent/intentional infliction of emotional distress, and (15) invasion of privacy or the public disclosure of private facts.

**3. ALLEGATIONS:** *For convenience and completeness, older EEOC.gov documentation with clickable links is safely accessible at* Svj1.com/EEOC.htm

As an audit trail or for document version control, the background narrative and older EEOC.gov documentation are found here, Svj1.com/EEOC.htm . Please see also Plaintiff's notarized, sworn affidavit for the allegations and pertinent direct, documentary evidence. Disappointingly, the sworn affidavit represents Plaintiff's best attempt at correctly stating a claim or establishing a prima facie case without the implored assistance of an attorney.

Plaintiff, pro se, has already lost his shelter or **home** (*Suran Wije v. The Home Service Store*, Travis Co. Court at Law No. 268579) and his graduate-degreed **education** (*Suran Wije v. Dr. Ann Stuart*, Eastern U.S. District Court No. 4:14CV571) because of his inability or failure to state a claim. Moreover, due to the Department of Education's (ED.gov) many decades of deliberate indifference toward the discriminatory flagging of disabled students plus its granting of a permanent *monopoly* to discriminate for the Law School Admissions Council (LSAC.org), Plaintiff was also denied equal access to a legal education. Now, without any legal training or any legal aid, Plaintiff fears that he has lost and will continue to lose equal **employment** opportunities as well—due to a failure to state a claim.

There is an increasing chasm between the criminal sphere and the civil sphere of life in America, especially for the rapidly dwindling middle class. In the criminal sphere, U.S. citizens who have had their freedoms temporarily curtailed still have access to shelter or a room,

educational training opportunities, and even employment opportunities both inside and outside the correctional system. There are law libraries within walking distance for inmates, and the altruistic heroes at GideonsArmyTheFilm.com defend their freedoms. The failure to state or defend a claim is never a fatal pitfall for repeat offenders in our criminal justice system.

Regrettably, in the public or civil sphere, it appears that constitutional guarantees like the Fifth Amendment's due process clause and the Fourteenth Amendment's equal protection clause are contingent upon the confusing and complicated Rube Goldberg legal machine called a failure to state a claim. Both Plaintiff's educational lawsuit and his employment lawsuit involve taxpayer-funded public or State establishments. With federal courts also publicly financed, what is the *value or quality* of personal liberty within the civil sphere when pro se Plaintiffs' own tax dollars are spent to take away their *home*, their *education*, and their *employment* for failure to state a claim? Since that refrain often hinges on buying legal resources, we dishonor the American legal system's ideal, "Equal justice under law."

## RELIEF

Because this is his Alma Mater . . . , Plaintiff seeks whatever swift and reasonable relief is afforded by law and a *jury* of his peers, for instance, (1) lost wages, benefits, and interest, (2) parity in reemployment outside McCombs, and (3) the lifelong learning opportunity to take one law course per semester independent of UT's existing staff educational benefit. Plaintiff, as a loyal alumnus and a former employee with integrity and attested moral courage, sincerely believes that the second and third pleas would ultimately only benefit UT.

## SIGNATURE

Signature and Date

*Suran Wije*
Suran Wije 10-26-2016

1744 Boss Range Road
Justin, TX 76247

512-577-WIJE (9453)
suran3@hotmail.com