IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

17 MAY -8 AM 10: 42

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____ ᴋᴅ_____
                    DEPUTY CLERK

SURAN WIJE,

        **Plaintiff,**

-vs-

                                    **CAUSE NO.: A-16-CA-1179-SS**

DAVID A. BURNS, UNIVERSITY OF
TEXAS, JANE DOE, and JOHN DOE,

        **Defendants.**

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause,

and specifically Plaintiff Suran Wije's Order of Dismissal Objections and Motion for Third

Amended Complaint (TAC) [#18]. Having reviewed the documents, the governing law, and the

file as a whole, the Court enters the following opinion and orders.

### Background

Plaintiff Suran Wije, proceeding *pro se*, brings claims under Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e, and Section 1983 of the 1871 Civil Rights Act, 42 U.S.C.

§ 1983, against David A. Burns, the University of Texas at Austin (the University), John Doe,

and Jane Doe.[1] The facts of this case are described in detail in this Court's Order of April 13,

2017 [#16], adopting Magistrate Judge Mark Lane's recommendation that Wije's claims be

dismissed. *See* Order of Apr. 13, 2017 at 11. Thus, the Court will only recount a brief summary

of the facts here.

Wije, who is South Asian, worked in the Information Technology Department (IT

Department) at the McCombs School of Business at the University from January 12, 2000, until

---

[1] According to Wije, John and Jane Doe are "merely placeholders if discovery suggested a taxpayer-financed civil conspiracy." Objs. [#12] ¶ 2.



November 18, 2005. *See* Compl. [#1-1] (Wije Aff.) ¶ 1. David Burns, the Director of the IT Department, was Wije's supervisor. *See id.* ¶ 3. Sometime during his employment, Wije states he tried to inform the IT Department and other University personnel of "various concerns, including for software quality engineering and the cutting of corners on the software security lifecycle . . . ." *Id.* ¶ 6.

On November 18, 2005, Wije voluntarily resigned from his position. *See* Original Compl. [#1-2] Ex. 1981d (Employee Separation Form).[2] The Employee Separation Form states Wije "resigned and is relocating to the Dallas area" and "was on Level 3 status and has received an intent to terminate letter." *Id.* The form also references "Code 101," which signifies Wije voluntarily "left without notice." *Id.* Ex. 1981e (Usual Reasons and Codes) at 1.

Sometime after his resignation, Wije began applying for jobs with the University. *See* Wije Aff. ¶ 8. He claims he applied for 35 to 45 jobs over more than a two-year period and never received a request "for even a phone interview by [the University]." More Definite Statement [#7] ¶ 4. Wije believes Mr. Burns "intentionally placed a [ ] lie in [Wije's] personnel file vouching that [Wije] 'left without notice.'" Wije Aff. ¶ 8. According to Wije, this note "ensure[d] that [Wije] would never be rehired again" and constituted a "de facto blacklist[ ]." *Id.*

In his pleadings, Wije brings three federal law claims—a Title VII discrimination claim, a Title VII retaliation claim, and a § 1983 discrimination claim—as well as various state law claims. *See* More Definite Statement [#7] ¶¶ 1–9. In essence, Wije claims the University discriminated against him because of his race and retaliated against him because of his

---

[2] In his Objections, Wije contends "he was constructively discharged, or forced to resign under the threat of termination (without due process) or wrongfully terminated in secret while being led to believe that he had officially resigned and left in good standing." Objs. [#12] ¶ 3. In his TAC, Wije also states he was "forced to resign under the threat of immediate termination (also called constructive discharge[ ])." TAC [#18] at 3. Wije, however, provides no factual basis to support his argument that he was forced to resign. And the Employee Separation Form, which Wije submitted as part of the record, clearly states Wije "resigned and is relocating to the Dallas area." Employee Separation Form at 1. Wije does not explain why the Court should ignore the plain language of this form.

whistleblowing regarding his concerns about the software. On January 9, 2017, the Magistrate Judge issued his Report and Recommendation recommending dismissal of Wije's claims. *See* R. & R. [#9]. In its Order of April 13, 2017, this Court adopted the Magistrate Judge's recommendation that Wije's claims be dismissed. Order of Apr. 13, 2017 [#16]. On the same day, the Court issued an Order of Dismissal, dismissing all of Wije's claims without prejudice. Order of Apr. 13, 2017 [#17].

On May 1, 2017, Wije filed an Order of Dismissal Objections and Motion for Third Amended Complaint [#18]. Because of Wije's *pro se* status, the Court will treat this filing as a motion to amend under Federal Rule of Civil Procedure 15(a) and will analyze Wije's TAC under 28 U.S.C. § 1915(e)(2)(B). *See Whitaker v. City of Hous., Tex.*, 963 F.2d 831, 836 (5th Cir. 1992) ("The finality of [a district court's order dismissing a complaint] is destroyed, . . . if instead of appealing the plaintiff files a Rule 15(a) motion to amend.").

**Analysis**

**I.    Legal Standard**

A district court "shall dismiss" a case brought *in forma pauperis* at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404

U.S. 519, 20–21 (1972). A petitioner's *pro se* status, however, does not offer him an

"impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial

machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v.*

*MBank Hous. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## II.     Discussion

### A.     Federal Claims

In his TAC, Wije only discusses his federal discrimination claims under Title VII and

§ 1983 and his retaliation claim under Title VII.

#### 1.     Title VII Employment Discrimination and § 1983 Claims[3]

Title VII states that "[i]t shall be an unlawful employment practice for an employer . . . to

fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment,

because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-

2(a). The plaintiff has the burden to establish a prima facie case of discrimination. *See*

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). To establish a prima facie

case, "[a] plaintiff may prove her claim either through direct evidence, statistical proof, or the

test established by the Supreme Court in *McDonnell Douglas* . . . ." *Craven v. Tex. Dep't. of*

*Criminal Justice-Institutional Div.*, 151 F. Supp. 2d 757, 764 (N.D. Tex. 2001) (citing *Urbano v.*

*Cont'l Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998)). The *McDonnell Douglas* test requires

the plaintiff to show: (1) he was a member of a protected class, (2) he was qualified for the

---

[3] Because the analysis for a discrimination claim under Title VII and § 1983 are identical, the Court need not separately analyze the merits of Wije's discrimination claims. *See Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (explaining "the only substantive differences between the two statues [are] their respective statute of limitations and the requirement under Title VII that the employee exhaust administrative remedies")

position at issue, (3) he suffered an adverse employment action by the employer, and (4) he was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. *Morris v. Town of Indep.*, 827 F.3d 396, 400 (5th Cir. 2016); *see also Brown v. AT&T Servs. Inc.*, No. CV H-16-169, 2017 WL 896159, at *4 (S.D. Tex. Feb. 15, 2017) ("[A] plaintiff must prove his prima facie failure to hire case by showing that he was: (1) a member of a protected class; (2) applied for an open position; (3) qualified for the position; (4) not selected for the position; and (5) the employer continued to seek applicants for the position or filled the position by someone outside the protected class.").

In the Order of April 13, 2017, the Court found Wije asserted only one adverse employment action: the University's alleged failure to hire Wije after he applied for 35 to 45 jobs. *See* Order of Apr. 13, 2017 [#16] at 8; *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 60 (2006) (An adverse employment action includes only ultimate employment decisions "such as hiring, granting leave, discharging, promoting, or compensating.") (internal citation omitted).

The Court also found Wije's discrimination claims failed because he did not establish someone outside of his protected group was hired for those positions or that he was treated less favorably than other similarly situated persons. *See* Order of Apr. 13, 2017 [#16] at 8–9. In his TAC, Wije attempts to cure this defect by listing the names of seven individuals who were allegedly hired instead of Wije. *See* TAC [#18] at 5 (listing people from Salaries.TexasTribune.org who are "replacements outside Plaintiff's protected group with higher salaries despite less accreditations (degrees) and less vendor-neutral professional certifications").[4]

---

[4] Wije also argues, as he did in his Amended Complaint, that Ms. Gayle Hight was whistleblower who did not lose her job. TAC [#18] at 6; Wije Aff. ¶ 6. But, as the Court stated in its previous Order, Wije's attempt to

Despite this repleading, Wije does not allege facts that establish similarly situated persons outside of his protected group were hired instead of Wije. Wije does not specify which jobs he applied for and which jobs he was rejected from. *See* More Definite Statement [#7] ¶ 4 (only stating that "[Wije] applied for 35 to 45 jobs over more than a two-year period"). It is therefore impossible to determine if any of the alleged replacements were hired instead of Wije. Further, it appears from Wije's exhibits that some of the alleged replacements are "Asian," leaving open the possibility that the person who was hired instead of Wije was also South Asian. *See* TAC [#18] Ex. K (Texas Tribune Salaries). Ultimately, Wije again fails to establish he was treated less favorably than other similarly situated persons. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) ("Raj's complaint and speculation did not allege any facts, direct or circumstantial, that would suggest LSU's actions were based on Raj's race or national origin or that LSU treated similarly situated employees of other races or national origin more favorably.").

In sum, Wije has not sufficiently plead his discrimination claims under Title VII and § 1983.

## 2. Title VII Retaliation Claims

The antiretaliation provision of Title VII "forbids employer actions that 'discriminate against' an employee (or job applicant) because he has 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" *Burlington N.*, 548 U.S. at 59 (internal citation omitted). A plaintiff may prove a claim of retaliation by either direct or circumstantial evidence. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). If based on circumstantial evidence, the plaintiff must establish a prima facie case of retaliation, which requires a showing that: (1) the plaintiff

---

establish Ms. Hight as a similarly situated comparator is based on the allegation that Wije was terminated from his position. Because the record shows Wije was not terminated, and his voluntarily resignation does not constitute an adverse employment action, his argument regarding Ms. Hight is moot.

participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *Id.*

As with Wije's discrimination claims, this Court found in its Order of April 13, 2017, that the only possible adverse employment action was the University's alleged failure to hire Wije after he applied for 35 to 45 jobs. *See* Order of Apr. 13, 2017 at 10. The Court then dismissed Wije's retaliation claim because Wije did not establish a causal connection between his whistleblowing and the University's alleged failure to rehire Wije. *See id.*

In his TAC, Wije argues a causal connection exists because he was "grieved/disputed" and "then blacklisted/not rehired." TAC [#18] at 7. Wije's whistling blowing occurred sometime before he voluntarily resigned in 2005. Wije Aff. ¶ 6. Wije does not state exactly when the University rejected his job applications, but does explain in his affidavit filed on October 27, 2016, that he "*currently* [had applied] for 35 to 45 jobs over about a two year period." *Id.* ¶ 6. The Court finds this loose temporal proximity alone is insufficient to establish causation. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) ("Cases that accept mere temporal proximity . . . as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be '*very close.*'") (emphasis added). Because Wije fails to establish a causal link between his whistleblowing and the University's refusal to rehire him, Wije's retaliation claim fails.

Notwithstanding numerous opportunities to replead, Wije has failed to sufficiently assert his federal claims. Thus, the Court DISMISSES WITH PREJDUICE Wije's federal discrimination and retaliation claims for failure to state a claim upon which relief can be granted.

*See e.g., Blackwell v. Bridge*, No. 3:13-CV-957-L BH, 2013 WL 1820998, at *1 (N.D. Tex. Apr. 30, 2013).

**B.    State Claims**

Under 28 U.S.C. § 1367(c)(3), "a district court may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.") (internal citation omitted).

Because the Court dismissed Wije's federal claims under Title VII and § 1983, the Court declines to exercise supplemental jurisdiction over Wije's state law claims. Therefore, Wije's state law claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Accordingly,

IT IS ORDERED that the federal discrimination and retaliation claims in Plaintiff Suran Wije's Complaint [#1] are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e); and

IT IS FINALLY ORDERED that the state law claims in Plaintiff Suran Wije's Complaint [#1] are DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e).

SIGNED this the ___5ᵗʰ___ day of May, 2017.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE